[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-12425
Non-Argument Calendar
_____

District Court No. 2:12-cv-00117-MEF-SRW

OLAF CHILDRESS,

Plaintiff-Appellee,

versus


L. P. WALKER, in his individual capacity,
O. V. CHAVEZ, in his individual capacity,

Defendants-Appellants,


CITY OF MONTGOMERY POLICE DEPARTMENT,
MONTGOMBERY COUNTY, ALABAMA, et al.,

Defendants.
_____

Appeal from the United States District Court
for the Middle District of Alabama
_____


(February 5, 2014)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Olaf Childress brought this action against L.P. Walker and O.V. Chavez under 42 U.S.C. §§ 1983 and 1985 for violations of his First and Fourth Amendment constitutional rights in connection with his arrest for disorderly conduct while handing out political pamphlets.  Childress also alleged several state law claims.

The defendants are the police officers who arrested Childress and who claim qualified immunity from this lawsuit.  They assert that they had, at the very least, arguable probable cause to arrest Childress, and, therefore, did not violate any of his clearly established constitutional rights. The district court disagreed, however, holding that Childress alleged and the undisputed evidence supports the conclusion that he was entitled to be where he was at the time of his arrest.  Furthermore, the district court noted the total absence from the record of any evidence that Childress was forcing anyone to take his pamphlets, was using loud, abusive, or profane language, was making threats or obscene gestures, or was blocking pedestrian or vehicular traffic at the time of his arrest.  Accordingly, based upon the record at this time, the district court held that the officers did not have arguable probable

2

cause to arrest Childress and denied their request for qualified immunity as to his Fourth and First Amendment claims. [1]

The officers brought this appeal of the district court's denial of qualified immunity on Childress' First and Fourth Amendment claims, arguing that they did have arguable probable cause to effect Childress' arrest.

Childress has failed to file a brief in response to defendants' appeal. We have considered the effect of this failure and would reverse if appellants had made a showing of prima facie error. However, our review of the record and the district court's thoughtful opinion leads us to conclude that the judgment of the district court is due to be

AFFIRMED.

---

[1] The district court correctly held that Childress' First Amendment claim depends upon whether his Fourth Amendment rights were violated by his arrest.

3